THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ PAULINO FLORES BERTY, Defendant and Appellant.

No. CR-64-438.    Decided June 25, 1965.

*Santos P. Amadeo* and *Pedro V. Aguirre* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellant was convicted by a jury of (1) having in his possession and control the narcotic drug known as heroin, (2) selling heroin, and (3) concealing and transporting heroin. He was sentenced to serve from 10 to 20 years' imprisonment in the penitentiary in each case, to be served concurrently.

On appeal he assigns the commission of the following single error:

"The trial court erred in overruling defendant's legal contentions as to the need for his defense of the presence at the trial of informer Gustavo A. Berríos, witness for The People,

whose absence was not noticed by the district attorney at the commencement of the trial but after the termination of the presentation of his evidence, thereby prejudicing defendant's rights."

The name of Gustavo A. Berríos, whose address was "Loíza Street 2107, Santurce," was endorsed on the back of the information as a prosecution witness. According to the testimony of prosecution witness José Luis Vizcarrondo, undercover internal-revenue agent, around 3:30 p.m. and on Delicias Street of Stop 23, defendant asked Berríos, who was an informer, if he was looking for anything, to which the latter answered that he was, and that Berríos then asked him for a bag, and the defendant took out several decks from his pocket and handed one to informer Berríos; that the witness (the internal-revenue agent) gave $3.50 to defendant which the latter said was the price of the deck; that thereupon informer Berríos gave the deck to the agent, the latter left and went to see his supervisor, agent Miguel F. Lucca Sánchez, to whom he delivered the bag after writing down his initials and the date of the purchase. This agent also testified at the trial, as well as the chemist who analyzed the content of the deck, found to be heroin.

The district attorney waived the testimony of informer Berríos and announced that he was making him available to the defendant, but when the latter requested permission to cross-examine the witness, the district attorney announced that he was not calling him because he was not in court. The defense attorney raised the question that defendant's rights were violated if he were not permitted to cross-examine witness Berríos, and that if this was not possible the court should conclude that the testimony of that witness would be adverse to The People. The district attorney explained that he had made a mistake in saying that he was making the witness available to the defense, because the witness was outside of Puerto Rico in New Haven, Connecticut.

As a defense, defendant denied at the witness stand knowing informer Berríos or the internal-revenue agent, and with the testimony of another witness he attempted to prove that he was not at the scene of the facts but at another place.

Invoking the case of *Roviaro* v. *United States*, 353 U.S. 53, he maintains that Berríos' presence was necessary in order that defendant could cross-examine him, or if the district attorney did not call him, to use him as a defense witness; and that in view of such impossibility and of the district attorney's conduct, the judge should have ruled that there had been intentional suppression of evidence giving rise to the inference that Berríos' testimony would be adverse to The People.

It does not appear from the record nor from the transcript of evidence that informer Berríos had said on any occasion that he did not know defendant-appellant nor that he had ever seen him, nor do other circumstances concur, as in *Roviaro*, to show that the informer's testimony was essential for the accused's defense. See *People* v. *López Rivera*, 91 P.R.R. 672 (1965). Nor is there any showing that Berríos' testimony would have been favorable to appellant. The question therefore narrows down in the last instance to a determination of whether Berríos' testimony was voluntarily suppressed by the district attorney, in which case the inference would arise that such testimony, if presented, would have been adverse to The People, 32 L.P.R.A. § 1887(5); *People* v. *Ramírez*, 50 P.R.R. 224 (1936); *People* v. *Campán*, 34 P.R.R. 102 (1925); *Soto* v. *Sec. of the Treasury*, 78 P.R.R. 169 (1955); *Municipal Assembly* v. *Steidel*, 54 P.R.R. 790 (1939); *Núñez* v. *Rodríguez*, 51 P.R.R. 622 (1937).

It is a well-settled rule that the district attorney is not bound to call at the trial all the witnesses who have knowledge of the facts, or all those whose names have been stated on the back of the information. *People* v. *Román*, 18

P.R.R. 217 (1912); *People* v. *Dones*, 56 P.R.R. 201 (1940). On many occasions the district attorneys waive the presentation of witnesses whose testimony is corroborative or cumulative evidence, and when witnesses so waived are present in court and may be used by the defense no inference arises adverse to The People's case. When the witness so waived fails to appear in court and he possesses essential knowledge of the facts, his unexplained absence gives rise to inference against The People, especially with greater reason and force if the district attorney has presented evidence of lower category to establish his case.

■ In the instant case the district attorney called an eyewitness of the facts. Evidently Berríos' testimony would have been of a cumulative or corroborative character.[1] In any event, the record shows that witness Berríos was not available on the date of the trial because he was outside Puerto Rico. Under such circumstances, it cannot be sustained that his testimony was voluntarily suppressed, and that if that witness had testified his testimony would have been adverse to The People. See II Wigmore, Evidence 166, § 286 (3d ed.); 31-A C.J.S. 403, § 156; *United States* v. *Ciminio*, 321 F.2d 509.

Since the error assigned by defendant-appellant was not committed, the judgments appealed from will be affirmed.

---

[1] Since the name and address of witness Berríos appeared on the information read to him on January 9, 1964, and more than three months having elapsed until the trial was held, April 14, 1964, defendant had sufficient time to investigate Berríos and learn whether his testimony would be favorable or adverse. At no time did he allege before the court that the testimony would be favorable to his defense, nor does such a thing appear from the rest of the evidence.